(C.R.D. 72–23)

MODELLI IMPORTS, LTD., ET AL. *v.* UNITED STATES

(Dated November 7, 1972)

*Siegel, Mandell & Davidson* (*Steven S. Weiser* of counsel) for the plaintiffs. *Harlington Wood, Jr.,* Assistant Attorney General (*Gilbert Lee Sandler*, trial attorney), for the defendant.

MALETZ, Judge: On September 20, 1972, plaintiffs filed a motion pursuant to rule 14.7 requesting the suspension of 23 civil actions under *Verrazzano Trading Corp.* v. *United States*, Court Nos. 70/16253, etc., which was designated on September 15, 1972, by the court as a test case under rule 14.7(a). Defendant objects to the suspension of these civil actions on the ground that they involve issues of law or fact which assertedly are not the same as the issues of law or fact involved in *Verrazzano.*

Rule 14.7(a) provides in part:

> * * * An action *may* be suspended pending the final determination of another action (hereinafter referred to as a test case) if it involves an issue of fact or a question of law which is *the same* as the issue of fact or question of law involved in such test case. * * * For purposes of this rule, an action may be considered as a test case when an order to that effect is issued by the court after a motion has been served and filed pursuant to this rule * * *. [Emphasis added.]

In *Verrazzano*—the test case—certain fabric was classified under item 338.30 of the tariff schedules which covers woven fabrics of man-made fibers and provides for duty of 22 cents per pound plus 22.5 percent ad valorem. Plaintiff claims that the imported fabric is properly classifiable under item 339.10, as amended and modified, which covers woven fabrics of textile materials and provides for a duty rate of 15.5 percent ad valorem.

The issues in *Verrazzano* are (1) whether a particular fabric produced by an Italian manufacturer is in chief value of man-made fibers (as determined by the government), or in chief value of textile materials, i.e., rabbit hair (as claimed by the importer), and (2) whether the government may rely on a U.S. Customs Laboratory report of analysis by weight in determining component material of chief value.

Against this background, plaintiffs contend that "[t]he subject cases and the test case involve the issue as to whether Customs' determination of the component material of chief value is presumptively correct." Additionally, plaintiffs state that "the manner in which the fabrics are tested in order to ascertain the component material of chief value is in issue."

Upon careful review of the cases sought to be suspended, we find that the issues of law or fact involved therein are not the same as the issues in *Verrazzano* and that suspension is, therefore, unwarranted. In the first place, the fabrics involved in the proposed suspensible actions are not the same as the fabric involved in *Verrazzano*. This is evidenced by the fact that none of the actions for which suspension is sought includes a claim that the imported fabrics are classifiable under item 339.10—which is the claimed provision in *Verrazzano*. Nor, in contrast to *Verrazzano*, is any fabric alleged to be in chief value of rabbit hair. Further, except for three cases (i.e., 70/50396, 71–8–00948 and 72–3–00643) the merchandise was not classified under item 338.30—the item under which the merchandise in *Verrazzano* was classified. And even with respect to those three cases, the merchandise is claimed to be properly classifiable under item 332.40 or 337.70 as woven fabrics in chief value of cotton or silk.

From what has been said, it is clear that the factual issues in the present cases are not the same as the factual issue in *Verrazzano*. Thus, the court's decision in *Verrazzano* would have little, if any, relevance to disposition of the cases for which suspension is sought.

Entirely without merit is plaintiffs' argument that the present cases are suspensible on the basis that such cases share with *Verrazzano* the same legal issue as to whether the government's determination as to the component material of chief value is presumptively correct. It would strain all reason to consider that the presumption of correctness attendant upon the government's classification is a common legal issue on which a case may be held suspensible. Were this to obtain, virtually every action before the court would be suspensible under another action—this because the government's decision is always presumed to be correct. See 28 U.S.C. (1970 ed.) § 2635.

The remaining issue raised by plaintiffs involves the manner in which the fabrics were tested by the government in order to ascertain the component material of chief value. However, we fail to see how a final determination in *Verrazzano* regarding tests on a fabric which is different from those involved in the pending cases would aid in the disposition of such cases.

In view of the foregoing, plaintiffs' motion for suspension is denied.