ORDERED that plaintiff provide its own reportorial service at its own expense.

(C.R.D. 72–28)

H. H. ELDER & CO. ET AL. *v.* UNITED STATES

(Dated December 26, 1972)

*Glad, Tuttle & White* (*John McDougall* of counsel) for the plaintiffs.
*Harlington Wood, Jr.,* Assistant Attorney General (*John V. Henry,* trial attorney), for the defendant.

RAO, Judge: In this motion, plaintiffs seek to suspend all the cases listed on schedule "A", attached to the motion, under *Selectile Co., Inc.* v. *United States,* Court No. 68/48202.

At the time the motion was made on October 11, 1972, that case had not been designated as a test case, although a motion for the purpose had been filed on September 25, 1972. Defendant's response to that motion was filed on October 10, 1972, requesting that the designation of the test case be limited to "Cremo Delicato polished marble, measuring 1'0" x 1'0" x ⅜", manufactured by Alberto Bufalini of Carrara, Italy, which was classified under item 514.81, TSUS, as other marble and articles of marble, not specially provided for, and claimed to be classifiable under item 514.65, TSUS, as marble slabs polished in whole or in part." The court, however, by order dated November 14; 1972, granted plaintiff's motion designating the *Selectile Co.* case as a test case without such limitation.

In response to the motion in the instant case, defendant noted that a motion had been made to designate *Selectile Co., Inc.* v. *United*

*States* as a test case and that it had filed its response thereto. It stated further that "plaintiffs' motion for suspension of these cases is premature and the defendant is not required at this juncture to make known its position as to whether the enumerated cases are or are not suspensible under the *Selectile Co.* case."

Since the *Selectile Co.* case is now a test case, actions involving an issue of fact or a question of law which is the same as the issue of fact or question of law involved in the test case may be suspended thereunder. Rule 14.7(a).

The purpose of the suspension procedure in this court is to facilitate the disposition of actions, eliminating the necessity of trying the same issue over and over again, and dispensing with the filing of complaints and answers in actions which in all likelihood will never be tried.

The complaint in the *Selectile Co.* case alleges that the merchandise consists of marble slabs which have been polished in whole or in part, the edges of which have been eased for handling purposes, but have not been beveled or rounded or otherwise processed. In the instant motion plaintiffs allege that the common issue in all the actions is whether the merchandise is more than polished slabs. The issue thus involves the extent of the processing of the slabs and its affect on the proper classification of the merchandise. The processing may, of course, vary from one action to another, but until a test case is tried and decided and some guidelines established by the court, it would be time-consuming and serve no useful purpose to go through each of the more than 500 cases listed on schedule "A" and determine, if possible, whether the same precise issues are involved. Should the test case be decided in favor of defendant, the actions in schedule "A" may well be abandoned. Should it be decided in favor of plaintiff, counsel and the court may more readily determine whether the merchandise in those actions is similar in all material respects to that in the test case and therefore controlled by the decision therein.

Defendant will not be prejudiced by granting suspension since any cases not governed by the test case will have to be tried. Meanwhile the time of both counsel and the court will be saved by eliminating, or postponing until necessary, the preparation and filing of complaints and answers. Counsel's time can be better employed in bringing the test case to trial promptly. The court will not look with favor upon any inordinate delay in trying that action.

Therefore, although the motion herein was premature when made, since *Selectile Co., Inc.* v. *United States* has now become a test case, the court will not deny the motion and require plaintiffs to renew it, but, under the circumstances, and to avoid further delay, will grant it at this time.