(C.R.D. 73-8)

ADOLCO TRADING CORP. *v.* UNITED STATES

(Dated March 16, 1973)

*Lane, Young & Fox* (*John S. Rode* of counsel) for the plaintiff.
*Harlington Wood, Jr.*, Assistant Attorney General (*Velta A. Melnbrencis*, trial attorney), for the defendant.

RAO, Judge: By this motion, plaintiff seeks an order suspending this case under *Adolco Trading Corp.* v. *United States*, Court No. 69/5703, which has been designated as a test case.

The merchandise here consists of rayon net shopping bags, classified under item 389.60, Tariff Schedules of the United States, as articles of textile materials, not specially provided for, of man-made fibers. It is claimed that the merchandise is not of man-made fibers and is classifiable under item 389.70, as other textile articles, not specially provided for, or under item 774.60, as articles of plastics.

The merchandise in the test case consists of plastic shopping bags, classified under item 706.60, as luggage and handbags, and is claimed to be dutiable under item 774.60, as articles of plastics.

In support of the motion, plaintiff states that there is a common issue of law and fact, i.e., whether the merchandise is a shopping bag and thus classifiable as a plastic article under item 774.60.

The issues, however, are not the same. Even if the merchandise is a shopping bag and not luggage, it would not be classifiable under

item 774.60 unless it were established that it was not of textile materials. *R. H. Macy & Co., Inc.* v. *United States*, 57 CCPA 115, C.A.D. 988, 428 F. 2d 856 (1970) ; *United Merchants, Inc.* v. *United States*, 60 CCPA 11, C.A.D. 1073, 468 F. 2d 208 (1972). Apparently, the Government is not claiming it is luggage, since it was not classified as luggage of textile materials under item 706.24, but as articles, not specially provided for, of textile materials.

Therefore, the motion is denied.