(C.R.D. 76–14)

MARUBENI AMERICA CORP. *v.* UNITED STATES

Court No. 74–10–02924

Port of New York

(Dated December 28, 1976)

*Barnes, Richardson & Colburn* for the plaintiff.

*Rex E. Lee,* Assistant Attorney General (*Glenn E. Harris* and *Mark K. Neville,* trial attorneys), for the defendant.

NEWMAN, Judge: Defendant has moved, pursuant to rules 4.7(b) and 4.12, to dismiss this action for lack of jurisdiction.

The action challenges the appraisement of certain merchandise covered by entries 290071 and 303376 which were liquidated on December 15, 1972. Protest No. 1001–3–004358 was filed in connec-

---

*Since the appraisements were held to be void and the liquidations premature and void, the protests similarly were held prematurely filed and dismissed for appropriate administrative action.

tion therewith on March 15, 1973 and denied on April 26, 1974. The summons herein was filed on October 23, 1974.

Defendant apprises us, as the basis for its motion, that an earlier protest, No. 1001–3–004015, covering the same entries and also disputing the official appraisements, was filed on March 8, 1973 and denied on April 26, 1974. A separate civil action, designated Court No. 74–7–01781, was commenced with the filing of a summons on July 11, 1974.

Defendant contends that "[i]nsofar as plaintiff has filed two separate protests concerning the same class of merchandise contrary to the statutory scheme of 19 U.S.C. 1514(b) mandating one protest per class of merchandise, the second protest filed, No. 1001–3–004–358, is invalid and therefore this court does not have jurisdiction" over this action which encompasses that protest.*

Plaintiff has not opposed the motion to dismiss.

The court, noting the paucity of information in the memorandum accompanying defendant's motion to dismiss, has examined the files in both actions which disclose the following.

Protest No. 1001–3–004015, the subject of Court No. 74–7–01781, challenges the appraisement of the merchandise on both entries at the "invoice unit values plus an addition for currency revaluation, or any value higher than the exporter's invoice unit prices", less certain included nondutiable charges, and asserts that the proper dutiable values are the exporter's invoice unit prices, less the alleged nondutiable charges. The summons filed therein sets forth the same claim.

On August 5, 1976, Court No. 74–7–01781 and others were suspended, without objection by defendant, under rule 14.7, pending the final determination of *C.B.S. Imports Corporation* v. *United States*, Court No. 73–1–00020. The common issue of law alleged therein was—

> Whether an addition to the invoiced unit prices, for fluctuation of currency, may properly be made in determining export value under Section 402(b).

Protest No. 1001–3–004358 contests the appraisement of the merchandise based on the "importer's resale price plus an addition for currency revaluation" and makes the same claim as set forth in protest No. 1001–3–004015 respecting the correct dutiable values. The summons sets forth the same claim.

On October 5, 1976, plaintiff moved under rule 14.7 to suspend the instant action, No. 74–10–02924, and others under *Mitsui & Co.*

---

*Section 514(b)(1), Tariff Act of 1930, as amended by the Customs Administrative Act of 1970, provides that—

* * * Only one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. * * *

(*U.S.A.*), *Inc.* v. *United States*, Court No. R68/8333, stating that the common question of law therein is whether the—

> * * * transaction between the exporter and importer is a "sale" for purposes of Section 402(b), and whether the invoiced prices fairly reflect the value of the merchandise.

Defendant strenuously opposed plaintiff's motion to suspend on the ground that the *Mitsui* case raises different issues and requires different proofs. The government also noted in its memorandum that it was preparing a separate motion to dismiss Court No. 74–10–02924 on jurisdictional grounds, and that "this case ought not to be suspended until full consideration has been given to the jurisdictional question, even if the Court should find suspension otherwise appropriate".

However, on October 20, 1976 the court, per Judge Watson, granted the motion to suspend the enumerated actions.

It is noted that the instant motion to dismiss was filed the same day, October 20, 1976. Nevertheless, defendant failed to advise the court herein that a motion to suspend the case was pending, and *failed thereafter to inform this member of the court of the action taken on that motion directing the suspension.*

The suspension procedure in this court is not an idle gesture. And most certainly, Judge Watson's order is not an idle gesture. The purpose of rule 14.7, familiarity with which is presumed, is to facilitate the disposition of actions and dispense with further proceedings in cases which may never be tried. *Cf. H. H. Elder & Co. et al.* v. *United States*, 69 Cust. Ct. 344, C.R.D. 72–28 (1972). Should the test case under which actions are suspended be decided in favor of defendant, the actions may be abandoned; should the test case be decided in favor of plaintiff, and the merchandise in the suspended cases is similar in all material respects to that in the test case, the court may deem the decision controlling in the suspended cases. This practice frequently has, among other benefits, the salutary effect of avoiding the retrial of the same issues. Hence, the significant importance of "suspension" to the orderly disposition of cases in this forum cannot be overestimated.

The concept of "suspending" cases under a "test case" is a constructive tool which is unique to the United States Customs Court. Since many cases commonly appear on the court's dockets involving the same issue of law or fact, it is readily apparent that there must be available some procedural vehicle whereby litigants may be permitted to appropriately delay further proceedings until the final disposition of the test case.

Here, defendant, filed its motion to dismiss, and pursuant to rule 17(h) stated that the action was in the *Complaint File*. At this juncture, it must be noted that rule 17(h) provides:

> Papers filed after an action has been commenced shall identify, with respect to each action affected by the papers, the court file (specific reserve file, suspension file, or suspension disposition file) in which the action is listed; and, if the action has been assigned, the name of the judge to whom the action has been assigned or reassigned.

However, a check of the docket records in the Clerk's office reveals that in point of fact no complaint has been filed in this action, and on October 20, 1976 (the date on which defendant filed its motion to dismiss) this action was listed by the Clerk of the court in the *October 1974 Reserve File*. Consequently, it is clear that defendant's motion to dismiss erroneously identified the court file in which this action was listed by the Clerk of the court. Moreover, and of greater significance, is the fact the defendant failed to advise this member of the court that plaintiff had *previously* submitted a motion for suspension, which was then pending; and defendant also failed *thereafter* to call to this court's attention the fact that plaintiff's motion for suspension was granted by Judge Watson on October 20, 1976. Accordingly, there was a failure by defendant to disclose the fact there was a *pending* motion for suspension; and also a failure to disclose *thereafter* the vital suspended status of this case subsequent to the service of Judge Watson's order on October 21, 1976. In the instant motion to dismiss, I prefer to think, and believe, that defendant inadvertently overlooked specific references to the suspended status of this case.

In summary, "suspension" is a vital procedural tool to use—but not to abuse—particularly in the pre-trial period. And, of course, it is fundamentally essential for motion papers to contain specific references to a suspension status of a case.

Defendant's motion to dismiss is hereby denied; but without prejudice to its renewal upon stating all the relevant facts.