F.W. MYERS & CO., INC., Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 84–06–00893.

United States Court of
International Trade.

Feb. 19,. 1985.

Bedros Odian, Buffalo, N.Y., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Barbara M. Epstein, Atty. in Charge, Intern. Trade Field Office, New York City, Commercial Litigation Branch, for defendant.

FORD, Judge:

This action involves the classification and liquidation of plastic polypropylene bags imported from Canada and entered at the Port of Buffalo-Niagara Falls, New York. Plaintiff contests the denial of a protest seeking to reliquidate the merchandise at issue. Jurisdiction is pursuant to 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a).

The subject merchandise was entered in 1975 and 1976 under Tariff Schedules of the United States (TSUS) item 772.20 as "[C]ontainers of rubber or plastics * * * other" and assessed with duty at the rate of 7.5 percent ad valorem. The merchandise was liquidated in 1983 under item 385.-53, TSUS, as "[B]ags and sacks * * * [O]f man-made fibers" at 15 percent ad valorem plus 12 cents per pound. Plaintiff filed a timely protest challenging the liquidation of the entries by the Customs Service. The protest and application for further review were denied, all liquidated duties were paid, and this action ensued.

The parties are before the Court on cross-motions for summary judgment. Plaintiff does not challenge the classification of the merchandise rendered by the Customs Service at the time of liquidation. Instead, plaintiff asserts the involved entries were deemed liquidated on April 1, 1979, by virtue of 19 U.S.C. § 1504(a), which requires entries not liquidated within one year of entry be deemed liquidated at the rate of ·duty, value, quantity, and amount of duties asserted at the time of entry. Defendant maintains the statutory requirement does not apply to merchandise entered before April 1, 1979, and is thus inapplicable to the entries here, which were

made in 1975 and 1976. The issue to be resolved, therefore, is whether the liquidation requirement of 19 U.S.C. § 1504 applies to entries made prior to the enactment of the statute. For reasons set forth herein, the Court holds the entries were properly liquidated.

Section 504(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1504(a), provides, in relevant part, as follows:

Except as provided in subsection (b) of this section, an entry of merchandise not liquidated within one year from:

    \*     \*     \*     \*     \*     \*

(1) the date of entry of such merchandise;

    \*     \*     \*     \*     \*     \*

shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer, his consignee, or agent. \* \*

The Customs Procedural Reform and Simplification Act of 1978, Public Law 95–410, § 209(b), 92 Stat. 903, which enacted 19 U.S.C. § 1504(a), provides in part that the latter provision "applies to the entry ... of merchandise for consumption on or after 180 days after the enactment of this Act." The date of the enactment of the Act providing for 19 U.S.C. § 1504(a) was October 3, 1978.

■ A review of the above provisions clearly indicates the entries in the case at bar are not subject to the statutory limitations of 19 U.S.C. § 1504(a). Plaintiff offers various excerpts from the legislative history of the Customs Procedural Reform and Simplification Act to support its position. that 19 U.S.C. § 1504 applies to the entries at issue. Resort to legislative history, however, is unwarranted where a statute is unambiguous on its face. *United States v. Corning Glass Works*, 66 CCPA 25, C.A.D. 1216, 586 F.2d 822 (1978). As this Court previously noted, entries made prior to the effective date of the statute are not subject to the time constraints of 19 U.S.C. § 1504. *Peugeot Motors of Amer-*

*ica, Inc. v. United States*, 8 CIT ——, 595 F.Supp. 1154 (1984). The entries involved herein were made well before the effective date of the statute, in this case, April 1, 1979. The requirements of 19 U.S.C. § 1504 do not apply to entries made prior to that date. A plain reading of the involved provisions discloses no mention of their retroactive application, as asserted by plaintiff. In the past, when Congress has given retroactive impact to an amendment, it has done so with considerable clarity and specificity.[1] This is not the case here, and the Court will not presume the retroactive application of an amendment where the statute itself is silent.

■ For the foregoing reasons, the Court finds the entries were properly liquidated. Judgment will be entered accordingly.

### JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED: that plaintiff's motion for summary judgment is denied; defendant's cross-motion for summary judgment is granted; and the case hereby is dismissed.

---

**1.** See *e.g.,* Section 2(b), P.L. 89–241; also Section 203, P.L. 91–271.