OLD REPUBLIC INSURANCE CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–10–01525

Before CARMAN, *Judge.*

(Decided April 9, 1985)

*Wayne Jarvis, Ltd.* (*Wayne Jarvis* on the motion) for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division (*Kenneth N. Wolf* on the motion) for the defendant.

CARMAN, *Judge:* Defendant, pursuant to Rule 84 of the Rules of the United States Court of International Trade, has moved to suspend this action under a test case now pending before the Court, *American Air Parcel Forwarding Co., Ltd.* v. *United States,* Court No. 83–7–00995 (Ct. Int'l Trade filed July 14, 1983). Plaintiff vigorously opposes the application, terming it an "unprecedented motion to involuntarily suspend [the] action."[1]

The *American Air Parcel (AAP)* case is the latest in a melange of complex, protracted legal parrying which has resulted in numerous rulings from this Court.[2] Both *Old Republic* and *AAP* involve the valuation of entries of made-to-measure clothing imported from Hong Kong. All the disputed entries in both cases were made by the same importer, American Air Parcel Forwarding Co., Ltd. On some of the entries, Old Republic acted as surety on the customs bonds. On others, the St. Paul Fire & Marine Insurance Company acted as surety.[3]

Plaintiff proffers several grounds for its opposition to the suspension motion. Among these grounds: (1) An alleged deprivation of the right to a trial by jury as guaranteed by the seventh amendment as well as 28 U.S.C. § 1876 (1982); (2) an alleged deprivation of the right to counsel as guaranteed by the due process clause of the fifth amendment; (3) an alleged violation of the procedural due process guarantees of the fifth amendment; (4) Rule 84(a) does not allow suspension of cases where 28 U.S.C. § 1581(i) is the jurisdictional basis; (5) the defendant has not shown good reason for a stay of the *Old Republic* proceedings; (8) policy reasons militate against granting the suspension; these considerations include a possible monopolization of the bar of this Court in violation of the antitrust laws.

[1] Plaintiff's Memorandum In Opposition, at 1 (footnote omitted).
[2] *See, e.g., American Air Parcel Forwarding Co., Ltd.* v. *United States* 7 CIT 231, 587 F. Supp. 550 (1984); *American Air Parcel Forwarding Co., Ltd.* v. *United States,* 6 CIT 146, 573 F. Supp. 117 (1983); *American Air Parcel Forwarding Co., Ltd.* v. *United States,* 5 CIT 8, 557 F. Supp. 605, *aff'd,* 718 F.2d 1546 (1983); *American Air Parcel Forwarding Co., Ltd.* v. *United States,* 4 CIT 150 (1982); *American Air Parcel Forwarding Co., Ltd.* v. *United States,* 2 CIT 178 (1981); *American Air Parcel Forwarding Co., Ltd.* v. *United States,* 1 CIT 293, 515 F. Supp. 47 (1981).
[3] By order of this Court dated July 31, 1984, *St. Paul Fire & Marine Ins. Co.* v. *United States,* Court No. 83–10–01528 (Ct. Int'l Trade filed Oct. 18, 1983) was suspended under the *AAP* case.

## DISCUSSION

In the Court of International Trade, more often than in other courts, cases appear on the docket which involve identical issues of law and fact. Given this situation, the suspension procedure[4] affords parties and the Court a means toward efficient judicial administration. *See Marubeni America Corp.* v. *United States,* 77 Cust. Ct. 186, 188 (1976); *see also Intercontinental Fibres, Inc.* v. *United States,* 2 CIT 133, 135 (1981).[5]

Fundamentally, the operation of Rule 84 contemplates the designation by the Court of a "test case." Other cases involving the same issues of law and/or fact are then "suspended" under the test case. In the overwhelming majority of instances, the parties—and attorneys—are identical in the test case and the suspended case. Presumably, the outcome of the test case, while not binding regarding the suspended cases, will figure largely in counsel's decision on how to proceed in the suspended cases. *See Marubeni,* 77 Cust. Ct. at 188.

It can be assumed that a certain sense of cooperation underlies the suspension procedure in this Court. Cases are almost always placed in such a posture through the consent of the parties. The scheme is intended to benefit all concerned, including the suspended party.

To be sure, this Court and its predecessor have been called upon to rule in cases where the parties disagreed on the propriety of the suspension. But these disputes have generally revolved around the alleged "sameness" of the factual or legal issues. *E.g., F.W. Woolworth Co.* v. *United States,* 71 Cust. Ct. 272, 274 (1973); *Adolco Trading Corp.* v. *United States,* 70 Cust. Ct. 346 (1973); *Air-Sea Forwarders, Inc.* v. *United States,* 69 Cust. Ct. 327, 329 (1972); *Modelli Imports, Ltd.* v. *United States,* 69 Cust. Ct. 325, 326 (1972). The Court is not aware of any reported case where suspension was opposed on grounds similar to those propounded by plaintiff.

It is apparent to the Court that the better, and more fair, view suggests that the suspension motion before the Court should be denied. It is at best uncertain whether strong relevance exists

---

[4] Rule 84 of the Court of International Trade Rules, relevant here, provides in part:

(a) Suspension Calendar. A suspension Calendar is established on which an action described in 28 U.S.C. § § 1581(a) and (b) may be suspended, by order of the court, pending the final determination of a test case.

(b) Test Case Defined. A test case is one which (1) has been so designated by order of the court upon a motion for test case designation made after issue is joined, or (2) has been submitted to the court for decision.

(c) Suspension Criteria. An action may be suspended under a test case if the action involves an issue of fact or a question of law which is to be the same as an issue of fact or question of law involved in the test case.

(d) Motion for Suspension. A motion for suspension shall include, in addition to the requirements of Rule 7, (1) the title and court number of the action or which suspension is requested, (2) the title and court number of the test case, and (3) a concise statement of the issue of fact or question of law alleged to be the same in both actions.

(f) Effect of Suspension. An order suspending an action shall stay all further proceedings and filing of papers in the suspended action unless the court otherwise directs.

(g) Removal From Suspension. A suspended action may be removed from the Suspension Calendar only upon a motion for removal. A motion for removal may be granted solely for the purpose of moving the action toward final disposition. An order granting a motion for removal shall specify the terms, conditions and period of time within which the action shall be finally disposed.

[5] "The purpose of the suspension procedure in this Court is to facilitate the disposition of actions, eliminating the necessity of trying the same issue over and over again, and dispensing with the filing of complaints and answers in actions which in all likelihood will never be tried." *H.H. Elder & Co.* v. *United States,* 69 Cust. Ct. 344, 345 (1972).

between the *Old Republic* and *American Air Parcel* cases . Significantly, *American Air Parcel* involves only one entry of the subject merchandise, *see American Air Parcel Forwarding Co., Ltd.* v. *United States,* 6 CIT 146, 573 F. Supp. 117, 120 (1983), while *Old Republic* covers seventeen entries.[6] As plaintiff aptly notes, it is highly unclear that suspension of *Old Republic* will facilitate its disposition since each transaction must be separately analyzed for appraisement purposes. *See Peugot Motors of America, Inc.* v. *United States,* 8 CIT 167, 595 F. Supp. 1154, 1157 (1984). There is no indication that the factual circumstances peculiar to the one entry included in *American Air Parcel* will be absolutely representative of the many possible factual conditions in *Old Republic.* Absent the required showing of identity or "sameness" of issues, defendant's motion should be denied.[7] Indeed, where a party opposes a Rule 84 suspension on the ground that the issues of fact or law are not the "same," there should be at least a presumption that suspension is inappropriate.

Beyond this, it is important to note the spirit of Rule 84 in the Court of International Trade. The rule, as noted above, is intended as a cooperative vehicle through which litigants and the Court arrive at efficient administration. The suspension procedure most assuredly should not operate as a holding pen for incarcerated actions that parties actively seek to litigate.

The Court acknowledges that it possesses the inherent authority to stay cases pending on its docket in order to promote efficient judicial administration. *See, e.g., Gold* v. *Johns-Manvil le Sales Corp.,* 723 F.2d 1068, 1077 (3d Cir. 1983); *Wedgeworth* v. *Fibreboard Corp.,* 706 F.2d 541, 544–45 (5th Cir. 1983). And, indeed, the only substantive effect of a Rule 84 suspension is a stay of proceedings. *See* U.S. Ct. Int'l Trade R. 84(f). This power, however, ought not be lightly wielded since, while the outcome of the test case is not given preclusive effect, the Court is free to consider it significant in the suspended case. *See Marubeni,* 77 Cust. Ct. at 188.

Accordingly, defendant's motion for an order pursuant to Rule 84 of the Rules of this Court suspending the instant action pending the final determination of the test case *American Air Parcel Forwarding Co., Ltd.* v. *United States,* Court No. 83–7–00995 (Ct. Int'l Trade filed July 14, 1983) is denied.

So ordered.

---

[6] Plaintiff notes that just a single entry in *Old Republic* (entry number 81–342150) covers 1,773 transactions between 193 tailors and 143 distributors.

[7] The Court would note that in finding the lack of identity under Rule 84(c) dispositive of the present controversy, it expresses no views as to plaintiff's alternative grounds for opposition.