MITSUI & CO. (U.S.A.), INC., Plaintiff,

v.

UNITED STATES, Defendant.

Slip Op. 95–24.
Court No. 93–06–00325.

United States Court of
International Trade.

Feb. 16, 1995.

Arent Fox Kintner Plotkin & Kahn, Washington, DC (Patrick F. O'Leary), for plaintiff.

Frank W. Hunger, Asst. Atty. Gen. of the U.S., Joseph I. Liebman, Attorney-in-Charge, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, (Barbara Silver Williams), Chi S. Choy, Gen. Atty., Office of Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service, Washington, DC, of Counsel, for defendant.

OPINION

CARMAN, Judge:

Plaintiff moves for summary judgment and an order directing Customs to reliquidate the entries at issue and to refund all antidumping duties paid plus interest. Defendant cross-moves for summary judgment claiming there are no material issues of fact to be tried and this case should be dismissed. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

BACKGROUND

The two entries at issue, 78–238247–0 and 79–212603–0, were entered through the port of New Orleans on July 7, 1978, and December 14, 1978, respectively. Both entries consisted of shipments subject to a dumping determination issued in 1973 that required the immediate suspension of liquidation of all import shipments of merchandise subject to that determination. *See Synthetic Methionine From Japan,* 38 Fed.Reg. 18,382 (Dep't Treasury 1973). The entries were subject to an administrative review finalized on April 12, 1982. *See Synthetic Methionine From Japan,* 47 Fed.Reg. 15,622 (Dep't Comm. 1982) (final admin. review & clarification of finding). On May 7, 1982, Customs issued its appraisement and liquidation instructions covering the two entries. Customs liquidated both entries on October 2, 1992.

Prior to enactment of the Customs Procedural Reform and Simplification Act of 1978, Pub.L. No. 95–410, 92 Stat. 888 (1978) (Customs Act or Act), there was no statutory provision directing Customs to liquidate entries within a certain time period. Customs was free to suspend liquidation of entries indefinitely. The Customs Act changed this. The Act inserted a new section into title 19 to provide rules governing the liquidation of

entries including one-year and four-year time limits within which Customs is required to act under certain circumstances. *See* Customs Act § 209(a), 92 Stat. at 902–03 (codified as amended at 19 U.S.C. § 1504(a), (d) (1988)). The statutory rules applicable here [1] prescribe that in the event Customs fails to liquidate an entry within one year from the date of entry or the date of final withdrawal, the merchandise will be liquidated at the rate set upon entry. 19 U.S.C. § 1504(a) (1988). In addition, if the liquidation of an entry is properly suspended, the merchandise still must be liquidated within four years of entry or it will be liquidated at the rate set upon entry. *Id.* at § 1504(d).

The Customs Act provided that these statutory rules applied to entries made on or after 180 days after the enactment of the Act, in this case October 3, 1978. Customs Act § 209(b), 92 Stat. at 903 (codified at 19 U.S.C. § 1504 (historical note)). Because the two entries were entered on July 7, 1978, and December 14, 1978, respectively, the liquidation by operation of law provision of § 1504 applies only if this Court finds, as requested by plaintiff, that § 1504 applies retroactively to these two entries.

CONTENTIONS OF THE PARTIES

A. *Plaintiff*

Plaintiff's sole argument is that 19 U.S.C. § 1504(d) (1988) should be applied retroactively with the result that plaintiff's two entries should be deemed liquidated as entered and without the assessment of antidumping duties. Plaintiff argues the two entries should be deemed liquidated by operation of

law because the entries were made on July 7, 1978, and December 14, 1978, but not liquidated until October 2, 1992—which is more than four years after entry. (Pl.'s Br. at 2).

In support of its argument, plaintiff first contends the retroactive application of statutes is a well-established doctrine of law [2] and maintains several decisions of this Court uphold the retroactive application of statutes.[3] Second, plaintiff argues the legislative history of 19 U.S.C. § 1504 supports plaintiff's contention that § 1504 should be applied retroactively to plaintiff's two entries. (*Id.* at 8–16). After considering congressional reports on § 1504 and testimony in congressional hearings, plaintiff asserts "it is clear that the deemed liquidation provision of 19 U.S.C. § 1504 was designed to benefit importers." (*Id.* at 10). For example, plaintiff cites language in the House Ways and Means Committee Report that "expressly points this out":

> Of considerable benefit to both importers and the Customs Service alike, is the title II provision placing a 1–year limit on the time in which Customs has to liquidate an entry. Eliminated by this provision would be the unanticipated request by Customs, many years after the entry, for additional duties which often results in substantial losses to importers because they are unable to anticipate such duties when pricing their products.

(*Id.* at 8 (quoting H.R.Rep. No. 621, 95th Cong., 1st Sess. 4 (1977), *reprinted in part in* Pl.'s Br. Attachment 1)). In addition, plaintiff discusses the testimony of the Commissioner of Customs who described the deemed

1. The North American Free Trade Agreement Implementation Act (NAFTA), Pub.L. No. 103–182, § 641, 1993 U.S.C.C.A.N. (107 Stat.) 2057, 2204–05 (to be codified at 19 U.S.C. § 1504), substantially revised 19 U.S.C. § 1504 (1988). The NAFTA amendments are not at issue in this action. *See* Pl.'s Br. at 1 n. 1.

2. (Pl.'s Br. at 5 (citing *Landgraf v. USI Film Products,* — U.S. —, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)); *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Auth. of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); and Karl N. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or*

*Canons About How Statutes are to be Construed,* 3 Vand.L.Rev. 395 (1950) (cited in *Landgraf,* — U.S. at — n. 16, 114 S.Ct. at 1496 n. 16)).

3. (*Id.* at 6–7 (citing *United States v. Ataka America, Inc.,* 17 CIT —, —, 826 F.Supp. 495, 501 (1993)); *Brother Indus., Ltd. v. United States,* 15 CIT 332, 336–39, 771 F.Supp. 374, 380–83 (1991); *Former Employees of Parallel Petroleum Corp. v. United States,* 14 CIT 114, 731 F.Supp. 524 (1990); *Former Employees of Bass Enterprises Prod. Co. v. United States,* 13 CIT 68, 706 F.Supp. 897 (1989); *Syva Co. v. United States,* 12 CIT 199, 204, 681 F.Supp. 885, 889–90 (1988); *Monsanto Co. v. United States,* 12 CIT 949, 951, 698 F.Supp. 285, 288 (1988)).

liquidation provision as " 'expected to be beneficial to both Customs and importers,' " [4] and as " 'provid[ing] importers with additional protection.' " [5]

Third, plaintiff argues the failure to apply § 1504 retroactively would perpetuate one of the problems the statute was designed to address; namely, the uncertainties facing importers confronted with "open-ended contingent liabilities, which could arise at any time." (*Id.* at 14). As summarized by plaintiff, "In enacting the deemed liquidation provision, Congress' intent was clearly to remove Customs' procrastination [in liquidating entries] as an element which the importer had to take into account in its business planning." (*Id.*). Plaintiff argues it would be inconsistent with the remedial nature of § 1504 not to apply the deemed liquidation provision retroactively to the two entries at issue. (*Id.* at 16).

Plaintiff's final argument is that the statutory language of § 1504 does not preclude retroactive application. (*Id.* at 17–19). That is, although plaintiff concedes the statute applies to entries made on or after 180 days following enactment of the statute, (Pl.'s Reply Br. at 3), plaintiff notes there is no prohibition against retroactive application in the text of the statute, (*id.* at 4). This silence, plaintiff argues, cannot be construed as a prohibition against retroactive application. Plaintiff cites several cases to argue generally that the agency "may use 'X,' even though Congress told the [agency] to use 'Y,' because the statute does not explicitly forbid use of 'X'." (Pl.'s Br. at 18 (citing *Smith–Corona Group v. United States*, 1 Fed.Cir. (T) 130, 136–37, 713 F.2d 1568, 1575 (1983), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1274, 79 L.Ed.2d 679 (1984) (internal quotations omitted))).[6]

**B. *Defendant***

Defendant responds that plaintiff's "contentions are essentially irrelevant ... and must fail because they neither address nor satisfy virtually every fundamental requisite for the application of retroactivity, and they ignore [relevant] case law." (Def.'s Br. at 6–7). Defendant points out that the United States Supreme Court has recently summarized the standards for retroactive application of a statute in *Landgraf*, where the Court wrote:

> When, however, the statute contains no such express command [as to the statute's proper reach], the court must determine whether the new statute would ... impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.

*Landgraf*, —— U.S. at ——, 114 S.Ct. at 1505. Defendant argues plaintiff has failed to satisfy these factors. (Def.'s Br. at 7, 9–10). Furthermore, defendant claims the language in the historical note to § 1504 limiting the application of the statute to those entries made on or after 180 days from enactment precludes the plaintiff from even reaching the analysis laid out in *Landgraf*. (*Id.* at 7).

The defendant contends this Court has considered and rejected the retroactive application of 19 U.S.C. § 1504 in *F.W. Myers & Co., Inc. v. United States*, 9 CIT 64, 607 F.Supp. 1470 (1985) and *Peugeot Motors of America, Inc. v. United States*, 8 CIT 167, 595 F.Supp. 1154 (1984). Accordingly, defendant argues, "[b]ecause the statute specifically prescribes the statute's proper reach, resort to judicial default rules is unwarranted." (*Id.* at 9). This point, defendant contends, when coupled with relevant case law and legislative history of § 1504,[7] underscores

---

**4.** (Pl.'s Br. at 9 (quoting *Customs Procedural Reform Act of 1977: Hearings Before the Subcomm. on Trade of the Comm. on Ways and Means House of Representatives on H.R. 8149 and H.R. 8222*, 95th Cong., 1st Sess. 56 (1977), *reprinted in part in* Pl.'s Br. Attachment 5)).

**5.** (*Id.* at 9 (quoting *Customs Procedural Reform Act of 1977: Hearings Before the Subcomm. on Int'l Trade of the Comm. on Finance United States Senate*, 95th Cong., 2nd Sess. 46 (1978), *reprinted in part in* Pl.'s Br. Attachment 6)).

**6.** *See also id.* at 18–19 (citing *Copperweld Corp. v. United States*, 12 CIT 148, 154, 682 F.Supp. 552, 560 (1988) and *Hyundai Pipe Co., Ltd. v. United States*, 11 CIT 117, 121, 670 F.Supp. 357, 360 (1987)).

**7.** Defendant argues the legislative history to 19 U.S.C. § 1504 manifests a "clear congressional

that plaintiff's motion is "meritless and should be denied." (*Id.*).

Notwithstanding this fundamental objection, defendant notes plaintiff has failed to meet the Supreme Court's standard for retroactive application of a statute. (*Id.* at 9–10). "In determining whether a statute operates retroactively," defendant explains, "the court must ask whether the new provision impairs rights a party possessed when they acted or attaches new legal consequences to events completed before its enactment." (*Id.* at 9 (citing *Landgraf*, —— U.S. at ——, ——, 114 S.Ct. at 1499, 1504)). Defendant contends plaintiff has failed to meet this standard because retroactive application "would entirely abrogate the right of the Government to liquidate this merchandise accurately" thereby impairing Customs' rights. *Id.* at 10 (citing *Arjay Assocs., Inc. v. Bush,* 8 Fed.Cir. (T) 16, 891 F.2d 894 (1989); *Breck & Son v. United States,* 2 Ct.Cust.App. 26 (1911); and 2 Ruth F. Sturm, *Customs Law and Administration* § 51.2 (3rd ed. 1993)).

## DISCUSSION

■ A motion for summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S. CIT R. 56(d). When appropriate, summary judgment is a favored procedural device to "secure the just, speedy and inexpensive determination" of an action. *Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1562 (Fed.Cir.1987) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986)) (internal quotations omitted).

■ The Supreme Court's recent opinion in *Landgraf* neatly lays out the course a

court shall take to determine if a statute is to be applied retroactively:

When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules.

*Landgraf,* —— U.S. at ——, 114 S.Ct. at 1505. The threshold inquiry for this Court, therefore, is to examine "whether Congress has expressly prescribed the statute's proper reach." *Id.* If the statute so provides, this Court's inquiry is complete. *See Chrysler Motors Corp. v. United States,* 14 CIT 807, 815–16, 755 F.Supp. 388, 396 (1990) ("[C]ourts should treat the plain language of a statute as controlling."), *aff'd,* 10 Fed.Cir. (T) ——, 945 F.2d 1187 (1991).

■ The historical note to § 1504 provides:

### EFFECTIVE DATE

Section 209(b) of Pub.L. 95–410 provided that: "The amendment made by this section [enacting this section] applies to the entry or withdrawal of merchandise for consumption on or after 180 days after the enactment of this Act [Oct. 3, 1978]."

19 U.S.C. § 1504 (historical note) (brackets in original). There is no dispute § 1504 applies to entries made on or after April 1, 1979—that is, 180 days following enactment of the Act, as provided in the historical note. Plaintiff concedes this point. *See* Pl.'s Br. at 4–5; Pl.'s Reply Br. at 3. Thus, the entries made on July 7, 1978, and December 14, 1978, do not fall within the reach of § 1504 as those entries were made before April 1, 1979—the effective date of the provision— unless § 1504 is applied retroactively. The Court holds 19 U.S.C. § 1504 does not apply retroactively to plaintiff's two entries because Congress has "expressly prescribed the stat-

---

intent" against retroactive application. (Def.'s Br. at 11–13). For example, defendant refers to a House Report stating § 1504 "would become effective *and* apply to the entry or withdrawal of merchandise for consumption on or after 180 days after enactment" to emphasize the legislature's intent that the new section only apply prospectively. (*Id.* at 11–12 (quoting H.R.Rep.

No. 621, 95th Cong., 1st Sess. 26 (1977)) (emphasis added)). Defendant also cites a Senate Report discussing the budgetary impact of § 1504 to show further the provision was not intended to be applied retroactively. (*Id.* at 13 (quoting S.Rep. No. 778, 95th Cong., 2nd Sess. 32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2211, 2243)).

ute's proper reach." *Landgraf,* —— U.S. ——, 114 S.Ct. at 1504; *see* Customs Act § 209(b), 92 Stat. at 903 (codified as historical note to 19 U.S.C. § 1504).

It is unnecessary for the Court to belabor the several arguments advanced by plaintiff in support of retroactive application of 19 U.S.C. § 1504 because the Court has considered and rejected such arguments before. *See F.W. Myers & Co., Inc. v. United States,* 9 CIT 64, 607 F.Supp. 1470 (1985); *Peugeot Motors of America, Inc. v. United States,* 8 CIT 167, 595 F.Supp. 1154 (1984). The entries in this action, like the entries in *Myers,* were made "well before the effective date of the statute" and

> [t]he requirements of 19 U.S.C. § 1504 do not apply to entries made prior to that date. A plain reading of the involved provisions [19 U.S.C. § 1504] discloses no mention of their retroactive application.... In the past, when Congress has given retroactive impact to an amendment, it has done so with considerable clarity and specificity. This is not the case here, and the Court will not presume the retroactive application of an amendment where the statute itself is silent.

*Myers,* 9 CIT at 65–66, 607 F.Supp. at 1471 (footnote omitted). The Court is unmoved by plaintiff's argument that *Myers* is not dispositive here "because trial court judges are not bound by the decision of other trial court judges." (Pl.'s Reply at 12–13 (citing *Krupp Stahl A.G. v. United States,* 15 CIT 169, 173, 1991 WL 62139 (1991))). The Court in *Krupp Stahl* observed "absent unusual or exceptional circumstances, it would appear to be better practice for judges of this court to follow the prior opinions of the court." *Krupp Stahl,* 15 CIT at 173 (citing *Fricker v. Town of Foster,* 596 F.Supp. 1353, 1356 (D.R.I.1984)). The Court finds plaintiff has advanced no argument that would cause this Court to waver from the decision reached in *Myers.* The Court holds the express language of the statute as well as decisional law preclude the Court from applying 19 U.S.C.

\* This order entered as a Stipulated Judgment on December 30, 1993 is now being entered as Slip

§ 1504 retroactively to plaintiff's two entries in this case.

### CONCLUSION

The Court holds 19 U.S.C. § 1504(d) does not apply retroactively to plaintiff's entries in this action and Customs' liquidation of plaintiff's two entries is not to be disturbed. Defendant's cross-motion for summary judgment is granted and this action is dismissed.

### *ORDER*

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision it is hereby

**ORDERED** that plaintiff's motion for summary judgment is denied; and it is further

**ORDERED** that defendant's cross-motion for summary judgment is granted; and it is further

**ORDERED** this action is dismissed.