(C.R.D. 72-24)

Air-Sea Forwarders, Inc., et al. *v.* United States

(Dated November 22, 1972)

*Stein & Shostak* (*Leonard M. Fertman* of counsel) for the plaintiffs.
*Harlington Wood, Jr.*, Assistant Attorney General (*Velta A. Melnbrencis*, trial attorney), for the defendant.

Maletz, Judge: On September 14, 1972, plaintiffs filed a motion pursuant to rule 14.7(a) seeking suspension of the present 37 cases under *Hudson Shipping Co., Inc.* v. *United States*, Court Nos. 68/4399, etc. which had been designated by the court as a test case. The issue that plaintiffs allege is the same in all these cases, including the test case, is "whether the merchandise the subject of the protests is properly classifiable as models under Item 737.15." Defendant objects to the suspension on the stated ground that the issues in the test case

are not the same as the issues in the cases for which suspension is requested.

Rule 14.7(a) provides in part that:

> * * * An action may be suspended pending the final determination of another action (hereinafter referred to as a test case) if it involves an issue of fact or a question of law which is the same as the issue of fact or question of law involved in such test case. * * * For purposes of this rule, an action may be considered as a test case when an order to that effect is issued by the court after a motion has been served and filed pursuant to this rule * * *.

At the outset, it should be observed that the issues in the test case, *Hudson Shipping*, are clearly defined by a Pretrial Memorandum dated October 20, 1972, which reads in part as follows:

### Statement of Issues

The parties agreed that the merchandise in question consists of models of ships or construction sets or kits for the making or assembly of model boats.[1] The merchandise was classified under item 737.15.

Plaintiff claims that all the imported models should be classified under item 737.07 as model ships made to the scale of the actual article at the ratio of 1 to 85, or smaller. Plaintiff further claims that the imported construction kits or sets should be classified under item 737.09. It claims alternatively that such kits or sets are classifiable under item 737.07.

Defendant's position is that the imported models are not classifiable under item 737.07 since they are not made to the scale of the actual article at the ratio of 1 to 85, or smaller.

With respect to the construction kits or sets, defendant contends that they have not been prefabricated to the precise scale of the actual article and therefore are not classifiable under item 737.09.

From what has been said, it is apparent that *Hudson Shipping* involves the following factual questions:

1. Whether the imported models or kits are made to scale of the actual article at the ratio of 1 to 85, or smaller, so as to be classifiable under item 737.07.

2. Whether the imported kits are prefabricated to the precise scale of the actual article so as to be classifiable under item 737.09.

It is also to be noted that there is no controversy in *Hudson Shipping* that the imported articles are ship models or construction kits; indeed, the merchandise was classified as other model boats and construction kits under the provisions of item 737.15.

---

[1] More particularly, the imported merchandise in *Hudson Shipping* consists of wooden models or construction kits of four particular ships, the "Clipper" or "Great Republic", the "Juan S. Eleano", the "Eagle" and the "Cruz del Sur". Court No. 69/40347 pertaining to the "Mayflower" and "H.M.S. Bounty" was abandoned by plaintiff before trial.

To sum up, *Hudson Shipping* involves the factual issue as to whether the physical dimensions of the models and kits of the "Great Republic", the "Eagle", the "Juan S. Eleano" and the "Cruz del Sur" are made to scale of the actual ships they represent. By contrast, the cases for which suspension is sought do not present the *same* factual issues since they involve entirely different articles such as model airplanes,[2] locomotive paperweights,[3] plastic dental study models,[4] models of film processing units[5] and models of atomic reactors[6] to mention a few. Hence, even assuming *arguendo* that plaintiff in *Hudson Shipping* successfully establishes that the models and construction kits are made to scale of the actual ships they represent, such finding would in no way aid in the disposition of the cases here under consideration which involve airplane models, dental models, etc.

It is to be added that merely because a case involves the classification of articles under the same provisions of the tariff schedules as a test case does not mean that another case involving the same provisions is *ipso facto* suspensible thereunder. For to obtain suspension, rule 14.7 (a) requires that the case sought to be suspended involve an issue of fact or a question of law which is *"the same"* as that involved in the test case.

In summary, each of the 37 cases for which suspension is sought has been carefully reviewed and no issue of fact has been found to be the same as the factual issue in *Hudson Shipping*. Therefore, plaintiffs' motion for suspension must be and hereby is denied.

(C.R.D. 72–25)

---

[2] Court Nos. 65/23924, 67/4394, 67/11212, 67/14711, 67/13572, 67/13582, 67/13619, 67/14690, 67/59935, 67/59988, 67/60413 and 67/76199.
[3] Court No. 67/25133.
[4] Court No. 67/13612.
[5] Court No. 67/53447.
[6] Court No. 67/63888.