(C.R.D. 73–26)

F. W. WOOLWORTH Co. *v.* UNITED STATES

Court No. 71–9–01163

(Dated November 19, 1973)

*Sharretts, Paley, Carter & Blauvelt* (*Richard L. Furman* and *Patrick D. Gill* of counsel) for the plaintiff.

*Irving Jaffe*, Acting Assistant Attorney General (*Herbert P. Larsen*, trial attorney), for the defendant.

MALETZ, Judge: This is a motion pursuant to rule 14.7(a) seeking suspension of the present action pending final determination of *Mego Corp.* v. *United States*, Court No. 68/4325, which was designated a test case by order of the court dated August 17, 1972. Defendant objects to suspension on the ground that the present action involves not only articles similar to those involved in the test case, but also articles of an entirely different type.

It is to be noted that *Mego*—the test case—concerns the proper dutiable status of articles invoiced as vinyl stuffed baseball gloves.

The gloves were classified by the government under item 737.90 of the tariff schedules as toys. Plaintiff insists that the gloves are not toys and claims alternatively that they are properly classifiable (1) under item 734.55 of the tariff schedules as baseball equipment; or (2) under item 735.05 as gloves specially designed for use in sports; or (3) under item 735.20 as sport or athletic equipment.

The present action involves the proper dutiable status of articles invoiced as junior baseball sets (i.e. gloves); target game sets; and acrobat snakes. All these articles were classified by the government under item 737.90 as toys. As in *Mego*, plaintiff here insists that the three types of imported articles are not toys. It claims alternatively that the gloves are properly classifiable under item 734.54 as baseball gloves or under item 734.56 as other baseball equipment.[1] It further claims that the target game sets are properly classifiable under item 735.20 as game equipment, and that the acrobat snakes are properly classifiable under item 737.65 as practical joke articles.

According to plaintiff's motion for suspension, the issue of fact or law in the present case, which is the same as the issue of fact or law in the test case, is "whether [the] imported merchandise is toys or *baseball* equipment specially designed for use in sports." [Emphasis added.]

With these considerations in mind, we now proceed to determine whether the *entire* present action—which involves the dutiable status of baseball gloves, target game sets and acrobat snakes—is, pursuant to rule 14.7 (a), suspensible under *Mego*, which involves only the dutiable status of baseball gloves.

Rule 14.7 (a) provides in part that:

> * * * An action may be suspended pending the final determination of another action (hereinafter referred to as a test case) if it involves *an issue of fact or a question of law which is the same as the issue of fact or question of law involved in such test case.* * * * [Emphasis added.]

Against this background, plaintiff argues that only "*an*" issue of fact or law need be the same in the case for which suspension is sought as in the test case. Continuing, plaintiff contends that there is no language in rule 14.7 (a) requiring that the case for which suspension is sought possess one, and only one, issue or that it possess no issue other than that involved in the test case. For, in plaintiff's view, the rule requires only that the case sought to be suspended contain *an* issue of fact or question of law which is the same as the issue of fact or question of law in the test case.

Defendant concedes that if the present action involved only the duti-

---

[1] Item 734.55 covering baseball equipment was deleted effective January 1, 1968, by Presidential Proclamation 3822, 32 F.R. 19002, and items 734.54 and 734.56 were added in lieu thereof.

able status of the baseball gloves, suspension would be appropriate. It adds, however, that the present action involves two other articles, i.e. target game sets and acrobat snakes, and that absent abandonment or severance of the claims relating to target game sets and acrobat snakes, the present action is not suitable for suspension. In short, defendant's position is that rule 14.7(a) should not be construed to allow suspension of a multiple type of merchandise action under a test case involving a single type of merchandise.

For the following reasons, the court agrees with defendant's position. In the first place, "[t]he purpose of the suspension procedure in this court is to facilitate the disposition of actions, eliminating the necessity of trying the same issue over and over again, and dispensing with the filing of complaints and answers in actions which in all likelihood will never be tried." *H. H. Elder & Co.* v. *United States*, 69 Cust. Ct. 344, 345, C.R.D. 72–28 (1972). In short, a suspension under rule 14.7(a) should aid in the conclusive determination of a case sought to be suspended thereunder. And on this aspect, it is hardly likely that a final decision in the test case as to the proper classification of baseball gloves would resolve the two additional claims relating to the proper classification of target game sets or acrobat snakes.

Thus, if this court were to allow suspension of the *entire* action under *Mego*, the result would be to allow a continuance, for no good reason, of the issues of fact and law that are involved in the target game set and acrobat snake disputes. Indeed, these issues might not be litigated until years after the importation of the merchandise and the commencement of the action. Such a result, it is clear, would be directly contrary to the spirit of the rules of this court which under rule 1.1(b) "shall be so construed as to promote the just, speedy, and inexpensive determination of every action." [2]

In all these circumstances, the court deems it appropriate, pursuant to rule 10.3(c), to require a severance as between the baseball glove issue and the target game set and acrobat snake issues. [3] Such a severance would accomplish two purposes: first, it would enable the baseball glove issue to be suspended under *Mego*; second, it would preclude suspension of the target game set and acrobat snake issues.

It is therefore ORDERED:

1. That the baseball glove issue be severed from the target game set and acrobat snake issues;

---

[2] Of course, if the test case involves a threshold issue—such as a jurisdictional question—which might be dispositive, it would be entirely consistent with the purpose of rule 14.7(a) to suspend under that test case other actions involving the same threshold issue, notwithstanding that such actions might present further issues that differ from those in the test case. For in the absence of suspension in that type of situation, the same threshold question would have to be tried over and over again.

[3] Rule 10.3(c) provides that "[t]he court may order a severance and separate proceeding or trial of any claim or issue."

2. That the baseball glove issue be suspended under *Mego Corp.* v. *United States*, Court No. 68/4325;

3. That suspension under *Mego* of the target game set and acrobat snake issues be denied.