(C.D. 4655)

BRENTWOOD ORIGINALS *v.* UNITED STATES

Court No. 72–2–00359

(Decided June 7, 1976)

*Glad, Tuttle & White (Robert Glenn White* of counsel) for the plaintiff.

*Rex E. Lee,* Assistant Attorney General (*Jerry P. Wiskin,* trial attorney), for the defendant.

MEMORANDUM OPINION AND ORDER

WATSON, Judge: The merchandise at issue here is the same as was the subject of *Brentwood Originals* v. *United States*, 73 Cust. Ct.

185, C.D. 4572 (1974)[1] in which it was held that the covers of a wedge-shaped cushion and a pillow with two stubby arms chiefly used to support individuals on a bed were a variety of bedding known as bolster cases within the meaning of item 363.30 of the Tariff Schedules of the United States, as modified.[2]

In these cross-motions for summary judgment plaintiff relies on the principle of *stare decisis* while defendant claims to have clearly and convincingly demonstrated the existence of error in the opinion on which plaintiff relies.[3] I cannot agree with defendant's position and I therefore consider this case appropriate for the application of the rule of *stare decisis*.

Defendant relies on the affidavits of three men involved in the manufacture of bed furnishings. The affidavits are weak, inconsistent in part with defendant's argument, somewhat self-contradictory and altogether inadequate to demonstrate the existence of error in the prior opinion or the correctness of a contrary result.

Bedding is the general statutory term which precedes and includes the term "bolster cases." The affiants' view that the articles in dispute are not bedding is not relevant because the term "bedding" is already defined in headnote 1(a) to subpart B of part 5 of schedule 3 as meaning, *inter alia* ". . . articles, by whatever name known, chiefly used as bed furnishings . . . ."

The controlling consideration is that these articles be chiefly used as bed furnishings. This proposition was held to have been proved in the prior case and defendant's evidence here has not cast doubt on the correctness of that result. In fact, two of the three affiants (Herbert and Jack Monas) are of the opinion that the stubby-armed bed rest is most accurately described as a bed furnishing for other than sleep purposes—an opinion which is entirely consistent with the result reached in the first case.

How these same affiants can then go on to state that the cover of the bed rest they have just described as a bed furnishing is not chiefly used on beds escapes my understanding. Further statements that the articles in question are "susceptible" of uses other than on a bed are deserving of no weight in the determination of actual chief use.

Defendant's additional evidence and arguments relate to the meaning of the term "bolster cases." They are continuations and elaborations of the position that bolster cases are simply one special type of pillowcase coupled with the contention that the articles in question are more in the nature of slipcovers for upholstered articles.

---

[1] The record of that case has been incorporated herein.

[2] Other bedding not ornamented:
 Of vegetable fibers:
 Sheets and pillowcases (including bolster cases):

| 363.30 | Of cotton | 10.5% ad val. |
|--------|-----------|---------------|

[3] Defendant maintains the correctness of the classification as "other furnishings" under item 366.63, as modified, and makes an alternative claim for classification as "other bedding" under item 363.00, as modified.

I adhere to the view that the term "bolster cases," when read in the light of the comprehensive headnote definition of bedding, was not added to the tariff language for the redundant naming of one rather obscure variety of pillowcase but to describe the covers of articles chiefly used to support individuals on a bed.

For the reasons expressed above, it is

ORDERED, that plaintiff's motion for summary judgment be, and the same hereby is, granted, and it is further

DECIDED AND ADJUDGED, that the merchandise involved herein, described on the invoices in entry 121418 as bolster cases, bolster covers, bed rests or bed rests style No. 500, is properly classifiable under item 363.30 of the TSUS, as modified by T.D. 68–9, and is dutiable at the rate of 10.5% ad valorem; and it is further

ORDERED, that the district director of customs at the port of Los Angeles shall reliquidate the entry accordingly.

Protest 2704–1–003299 relating to entry 118476, having been abandoned, is dismissed.