(C.R.D. 77–8)

ATAKA AMERICA, INC. *v.* UNITED STATES

Court No. 73–9–02625

(Dated September 19, 1977)

*Rode & Qualey* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Barbara Allen Babcock,* Assistant Attorney General (*Jerry P. Wiskin,* trial attorney), for the defendant.

NEWMAN, Judge: Plaintiff has moved for an order severing a protest (No. 1001–2–041977) from this civil action; defendant opposes the motion.

In support of its application, plaintiff's counsel has submitted an affidavit averring *inter alia:* All entries covered by the civil action present a common question of law as to whether the merchandise is properly classifiable as medical optical instruments under item 709.05, TSUS, or as electro-medical apparatus under item 709.17, TSUS. The entries cover a number of articles having different model numbers, which reflect the existence of various attachments. Plantiff believes that the model GIF–D fiberscope, covered by protest No. 1001–2–041977, is the most representative of all the merchandise involved in the action. Model GIF–D was the subject of *United States* v. *Ataka America, Inc.,* 64 CCPA 60, C.A.D. 1184, 550 F .2d 33 (1977), *reh. denied* (May 5, 1977), which was decided adversely to plaintiff. Continuing, plaintiff further alleges that it intends to retry the issue in *Ataka;* and without severance, plaintiff would be required to introduce at trial testimony and expensive samples concerning each of the individual models. This, according to plaintiff's counsel, would be both unnecessarily time-consuming and costly.

While conceding that plaintiff has a right to retry the issues litigated in the prior *Ataka* case, defendant contends that the prior case is *stare decisis.* See, e.g., *Brentwood Originals* v. *United States,* 76 Cust. Ct. 195, C.D. 4655 (1976). Defendant further urges that plaintiff's motion should be denied since "the still extant issue of the proper classification of model numbers other than the GIF–D will not be resolved, but rather prolonged while plaintiff seeks a retrial on the GIF–D". Finally, defendant notes that this action is currently suspended under the prior *Ataka* case.

I have concluded that the requested severance will serve the interests of justice. Concededly, the doctrine of *stare decisis* is not a bar to a retrial. Whether or not the prior *Ataka* case will be dispositive here, depends, of course, upon what if any factual or legal distinctions the plaintiff is able to establish with reference to the prior case. *Herman D. Steel Co.* v. *United States*, 49 CCPA 30, C.A.D. 790 (1962). However, I am not persuaded that defendant would be seriously prejudiced by severing protest No. 1001–2–041977 for a separate trial on model GIF-D, thus permitting plaintiff to proceed with a minimum of expense and time. The court expresses no opinion as to whether the determination in the severed action relative to model GIF-D will be controlling of the classification of the models involved in the other protests covered by this action.

Under all the facts and circumstances, and in the exercise of discretion, plaintiff's motion is granted, and an order will be entered accordingly.