(C.R.D. 77–9)

ATAKA AMERICA, INC. *v.* UNITED STATES

Court No. 77–3–00472

(Dated September 19, 1977)

*Rode & Qualey* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Barbara Allen Babcock*, Assistant Attorney General (*Jerry P. Wiskin*, trial attorney), for the defendant.

NEWMAN, Judge: Plaintiff has moved for an order severing a protest (No. 1001–6–009288) from this civil action; defendant opposes the motion.

In support of its application, plaintiff's counsel has submitted an affidavit averring, *inter alia:* All entries covered by the civil action present a common question of law as to whether the merchandise is properly classifiable as medical optical instruments under item 709.05, TSUS, or as electro-medical apparatus under item 709.17, TSUS. The entries cover a number of articles having different model numbers, which reflect the existence of various attachments. Heretofore, plaintiff tried a test case involving model GIF–D, which was decided adversely to plaintiff (*United States* v. *Ataka America, Inc.*, 64 CCPA 60, C.A.D. 1184, 550 F. 2d 33 (1977), *reh. denied* (May 5, 1977)). Plaintiff now desires to retry the issue of the prior *Ataka*

case, and as part of the retrial, plaintiff seeks not only to present testimony relative to model GIF–D, but also to present testimony respecting model GIF–D3, which "is representative of more recent instruments in this [fiber optic medical instruments] field". Continuing, plaintiff further alleges that without the requested severance, plaintiff would be required to introduce testimony and expensive samples concerning each of the individual models. This according to plaintiff's counsel, would be unnecessarily time-consuming and costly.

While conceding that each importation gives rise to a new cause of action, defendant nevertheless opposes plaintiff's motion, urging that the prior *Ataka* case is *stare decisis*. See, e.g., *Brentwood Originals* v. *United States*, 76 Cust. Ct. 195, C.D. 4655 (1976). Defendant also states in its opposing memorandum that "[t]he protest which plaintiff wants severed is not alleged to cover merchandise other than the GIF–D", and that model GIF–D3 is "admittedly not part of the importation upon which plaintiff seeks retrial".

A motion for severance by plaintiff, similar to that presently before me, was the subject of *Ataka America, Inc.* v. *United States*, 79 Cust. Ct. 171, C.R.D. 77–8 (1977), decided concurrently herewith. There, I concluded that under all the facts and circumstances in that situation a severance would serve the interests of justice, and defendant would not be seriously prejudiced by granting the motion. I have reached the same conclusion in the instant matter.

Contrary to defendant's statement in its opposing memorandum that model GIF–D3 is "admittedly not part of the importation upon which plaintiff seeks retrial", an examination of the invoices in the official court papers discloses that in point of fact model GIF–D3 was the very merchandise imported. However, in fairness to defendant it must also be pointed out that plaintiff's affidavit in support of its motion did not affirmatively allege that model GIF–D3 was covered by the shipment involved in the protest sought to be severed.

As in the companion matter, whether or not the prior *Ataka* case will be dispositive here, depends upon what if any factual or legal distinctions the plaintiff is able to establish with reference to the prior case. *Herman D. Steel Co.* v. *United States*, 49 CCPA 30, C.A.D. 790 (1962). And again, the court expresses no opinion as to whether the determination in the severed action will be dispositive of the classification of the models involved in the other protests covered by this action.

For the reasons indicated, and in the exercise of discretion, plaintiff's motion for severance of protest No. 1001–6–009288 is granted, and an order to that effect will be entered.