Asahi Chemical Industry Company, Limited, plaintiff *v.* The United States, defendant; American Yarn Spinners Assoc., party-in-interest

Court No. 80–5–0755–S

*Memorandum Opinion and Order*

(Dated: December 30, 1980)

Rao, Judge: Plaintiff, Asahi Chemical Industry Company, Ltd. (hereinafter Asahi) has moved for an order granting leave to file an

amended complaint in this antidumping case, severed from *Asahi Chemical Industry Company, Ltd. et al.* v. *United States, American Yarn Spinners Association, Party-in-Interest*, court No. 80–5–00755, by order of October 9, 1980. Its proposed complaint incorporated by reference paragraphs 1 through 59 of the complaint filed in court No. 80–5–00755, makes 51 additional allegations and adds counts XVI through XXI, as well as a statement requesting specified and general relief.

The defendant's response includes a memorandum in partial opposition to plaintiff's motion and a cross-motion for a setting of time within which to file the administrative record and respond to the amended complaint. It is defendant's position that Asahi's attempt to file an amended complaint incorporating by reference allegations and counts in court No. 80–5–00755 does not apprise defendant of the allegations and counts which defendant must answer. The basis for defendant's opposition to Asahi's amended complaint is that, by severing its cause of action from that of the other plaintiffs, Asahi has made it impossible to determine from the papers filed in the severed action what its contentions are.

The rules concerning severance of actions in this court have been generally liberally applied. The predecessor to the current rule, which would have governed had not the Customs Court Act of 1980 been enacted and the ensuing Rules of this court required to be promulgated, merely provided that the court may order a severance and separate proceeding or trial on any claim or issue. The current rule 42(b) is couched in terms of expedition and economy and provides that "the court, in furtherance of convenience or to avoid prejudice * * * may order a separate trial of any claim * * *."

This court has permitted severance to permit the determination of particular issues (see *Ataka America, Inc.* v. *United States*, 79 Cust. Ct. 171, C.R.D. 77–8 (1977); *F. W. Woolworth Co.* v. *United States*, 71 Cust. Ct. 272, C.R.D. 73–26 (1973); and *Nichols & Company, Inc.* v. *United States*, 80 Cust. Ct. 26, C.D. 4734 (1978), *aff'd* 66 CCPA 28, C.A.D. 1217, 586 F. 2d 826 (1978)) without much discussion as to the pleading requirements in severed actions.

Besides rule 42(b), supra, we can look for guidance in the matter before us to rule 10(c) which pertains to adoption by reference. The clear language of this rule indicates that statements in a pleading may be adopted by reference in * * * another pleading or in any motion and that a copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.

It would appear that convenience may not best be served by having Asahi reiterate all the allegations of a complaint, a copy of which is already in defendant's possession and a copy of which is in the file of this case. Expedition and economy are best served by keeping to a

minimum the number of pleadings and other papers to be incorporated in a record which already evidences signs of becoming voluminous. Since a copy of the complaint in court No. 80–5–00755 is already part of the file of court No. 80–5–00755–S, it is unnecessary for Asahi to attach a copy of it to its amended complaint for purposes of incorporation by reference.

Plaintiff Asahi did not file a reply to defendant's cross-motion and the American Yarn Spinners Association has filed no responses in the matter currently before the court. In light of the amount of time that has elapsed since defendant filed its cross motion for additional time within which to file the administrative record and its answer, the court will allow an additional 30 days from the date of this order for the filing of the record and an additional 60 days from the date of this order for the filing of defendant's answer, which may incorporate by reference its answer to the complaint in court No. 80–5–00755.

Accordingly, it is ordered that:

1. Plaintiff's motion for leave to file the amended complaint annexed to its motion is hereby granted and the amended complaint is deemed filed from the date of this order;

2. The defendant's cross-motion is granted and the Department of Commerce is given 30 days from the date of this order in which to file the administrative record upon which the Secretary of the Treasury's less than fair value determination is based; and

3. The defendant is given 60 days from the date of this order within which to file its answer or other response to the amended complaint.