TELEFLORA PRODUCTS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88–11–00852

(Dated December 29, 1989)

*Stein Shostak, Shostak & O'Hara, (Joseph P. Cox),* for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General; *(Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch), for defendant.

RE, *Chief Judge:* Plaintiff, pursuant to Rules 83(b)(4) and 7(f) of the Rules of this court, moves for an order to suspend this action under a previously decided test case, *Teleflora Prods., Inc.* v. *United States,* 13 CIT 839, Slip Op. 89–144 (Oct. 16, 1989).

In the test case, the imported merchandise consisted of certain "wood floral containers." *Teleflora,* Slip Op. 89–144 at 2. The containers consisted of small wooden objects with attached wheels and a small receptacle. *See Id.* at 4–5. A plastic insert, which was placed in the receptacle, "function[ed] as a container for the floral arrangements and plants." *Id.* at 5.

The merchandise in the test case was classified by the Customs Service as "[h]ousehold utensils," under item 206.98 of the Tariff Schedules of the United states (TSUS). Plaintiff protested the classification, and contended "that the imported merchandise should properly be classified as 'containers and holders chiefly used for packing, transporting, or marketing merchandise, * * * of wood,' under item 204.30, TSUS, or, alternatively, as '[a]rticles not specially provided for, of wood,' under item 207.00, TSUS." *Id.* at 2.

In *Teleflora,* the court found that "[t]he merchandise cannot be used in 'the operation of housekeeping[,]' [and] its prime function would seem to be ornamental." *Id.* at 12. The court observed that "[t]he receptacle is not large enough to hold anything but very

small objects." *Id.* The court also noted that the merchandise was not sturdy, and it was "unlikely to last any significant period of time." *Id.* Hence, on the record presented in that case, the court concluded that "[s]ince the merchandise is not a 'household utensil' in the tariff sense of the term, the imported merchandise was incorrectly classified by Customs." *Id.* As a consequence, the court held that the imported merchandise was properly classifiable either as 'containers and holders chiefly used for packing, transporting, or marketing merchandise, * * * of wood,' under item 204.30, TSUS, or as "[a]rticles not specially provided for, of wood," under item 207.00, TSUS. *See id.* at 15.

In this action, the imported merchandise was imported from Taiwan and was described on the customs invoices as "wooden baskets." The imported merchandise entered at the Port of St. Louis, Missouri, in 1987, and was classified by the Customs Service as "[h]ousehold utensils," under item 206.98, TSUS, with duty assessed at the rate of 5.1 per centum *ad valorem.* Plaintiff protests this classification, and contends that the imported merchandise is properly classifiable as "[b]askets, of wood," under item 204.05, TSUS, free of duty under the Generalized System of Preferences.

Rule 84(a) of the Rules of this court establishes a Suspension Calendar, under which a customs classification "action described in 28 U.S.C. §§ 1581(a) and (b) may be suspended, by order of the court, pending the *final determination* of a test case." USCIT R. 84(a) (emphasis added). A case is "finally determined," within the meaning of Rule 84(a), when the appeals process has ended, or when no appeal has been filed and the period for appeal has elapsed. No appeal has been filed of the decision in the test case, *Teleflora,* Slip Op. 89–144.

The test case, *Teleflora,* was decided on October 16, 1989. Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure, in an action where the United States or one of its officers or agencies is a party, "the notice of appeal may be filed by any party within 60 days after * * * entry [of judgment]." The time limitations of Rule 4(a) are expressly applicable to appeals to the Federal Circuit. *See* Fed. Cir. R. 10(a)(1). Plaintiff's motion to suspend, which was filed November 27, 1989, is within the 60-day period for appeal, and, hence, has been made before the test case has been "finally determined."

Under Rule 84(c) of the Rules of this court, "[a]n action may be suspended under a test case if the action involves an issue of fact or a question of law which is to be the same as an issue of fact or question of law involved in the test case." Plaintiff contends that "[t]he issue of fact or question of law involved in this action which is similar to that in the test case is whether certain floral containers are household utensils." The defendant disagrees, and contends that "[t]he issue decided in [*Teleflora,*] Slip Op. 89–144 * * * will not be sufficiently material to the disposition of this case so as to warrant suspension."

In *F.W. Woolworth Co.* v. *United States,* 71 Cust. Ct. 272, C.R.D. 73–26 (1973), plaintiff moved, under Rule 14.7(a) of the Rules of the Customs Court, the predecessor to Rule 84(c) of the Rules of this court, for an order suspending an action under a test case. The test case in *F.W. Woolworth* dealt with the tariff classification of "vinyl stuffed baseball gloves," which were classified as toys under item 737.90, TSUS. In the test case, plaintiff protested the classification and contended that the gloves were properly classifiable under any of three alternative tariff items for sports equipment.

In the action sought to be suspended under the test case in *F.W. Woolworth,* the imported merchandise consisted of "baseball gloves, target game sets and acrobat snakes * * *." 71 Cust. Ct at 273. The merchandise had been classified by Customs as toys, under item 737.90, TSUS. Plaintiff protested the classification and contended that the merchandise was properly classifiable under various tariff items.

In *F.W. Woolworth,* Judge Maletz, writing for the court, stated that an action may be suspended under a test case " 'if it involves *an issue of fact or a question of law which is the same as the issues of fact or question of law involved in such test case.' " Id.* (emphasis in original) (quoting Cust. Ct. R. 14.7(a)). Plaintiff asserted "that only '*an*' issue of fact or law need be the same in the case for which suspension is sought as in the test case." *Id.* (emphasis in original). The court, however, agreed with defendant's contention "that rule 14.7(a) should not be construed to allow suspension of a multiple type of merchandise action under a test case involving a single type of merchandise." *Id.* at 274.

There can be no doubt that, as stated in *F.W. Woolworth,* "a suspension * * * should aid in the conclusive determination of a case sought to be suspended thereunder." *Id.* The court also noted that "it is hardly likely that a final decision in the test case as to the proper classification of baseball gloves would resolve the two additional claims relating to the proper classification of target game sets or acrobat snakes." *Id.* Hence, the court granted "a severance as between the baseball glove issue and the target game set and acrobat snake issues[,] [and] * * * preclude[d] suspension of the target game set and acrobat snake issues." *Id.* (footnote omitted). *See also Air-Sea Forwarders, Inc.* v. *United States,* 69 Cust. Ct. 327, 329, C.R.D. 72–24 (1972) ("It is to be added that merely because a case involves the classification of articles under the same provisions of the tariff schedules as a test case does not mean that another case involving the same provisions is *ipso facto* suspensible thereunder.").

In the present action, the imported merchandise was described on the customs invoices as "wooden baskets." Plaintiff has not presented any pictures or descriptions of the merchandise. In its opposition papers, however, the defendant maintains that this case "involves different merchandise" than the "wood floral containers"

that were the articles of merchandise in the test case. *See Teleflora,* Slip Op. 89–144 at 4–5. In the test case, the question presented was whether the "wood floral containers" in that action were properly classified as "[h]ousehold utensils," under item 206.98, TSUS. It would seem clear, therefore, that the question in this case, as to whether the imported "wooden baskets" were properly classified as "[h]ousehold utensils," under item 206.98, TSUS, involves different issues of fact and questions of law than the *Teleflora* case.

Furthermore, the claimed tariff items raised by plaintiff in this action differ from the claimed tariff items in the test case. In this action, plaintiff contends that the "wooden baskets" are properly classifiable as "[b]askets, of wood," under item 204.05, TSUS. In the test case, plaintiff contended that the "wood floral containers" were properly classifiable "as 'containers and holders chiefly used for packing, transporting, or marketing merchandise, * * * of wood,' under item 204.30, TSUS, or, alternatively, as '[a]rticles not specially provided for, of wood,' under item 207.00, TSUS." *Teleflora,* Slip Op. 89–144 at 2. Hence, it is clear that, in this action, a suspension under Rule 84(b) will not "aid in the conclusive determination of a case sought to be suspended thereunder." *F.W. Woolworth,* 71 Cust. Ct. at 274.

In view of the foregoing, it is the determination of the court that this action involves different issues of fact and questions of law than the previously decided test case. Hence, the action is not suitable for suspension under *Teleflora,* 13 CIT 839, Slip Op. 89–144 (Oct. 16, 1989). Accordingly, plaintiff's motion is denied.