GENERRA SPORTSWEAR, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88-07-00474

(Dated April 28, 1992)

*Rode & Qualey (Michael S. O'Rourke)*, for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, *(Saul Davis)* for defendant.

MEMORANDUM OPINION AND ORDER

DICARLO, *Chief Judge:* Plaintiff, without objection from the defendant, moves to sever the entries listed on Schedule A from this action, denominate those entries as a new action, Court No. 88-07-00474-S, and, pursuant to USCIT R. 84, designate the new action as a test case and suspend 36 other actions under it. At issue is whether plaintiff has satisfied the criteria for severance, test case designation and suspension. In view of the circumstances presented in this action, the court grants plaintiff's motion to sever, designates the newly severed action as a test case and suspends those actions listed on Schedule B under the test case.

BACKGROUND

Plaintiff challenges the appraisal of various types of wearing apparel imported from China, Bangladesh, Indonesia, Thailand and the Philippines. Plaintiff maintains that the merchandise was purchased by plaintiff from foreign manufacturers through a middleman. The Customs Service appraised the merchandise on the basis of transaction value, as defined in 19 U.S.C. § 1401 a(b), at the price of the middleman's sale, as reflected on the middleman's invoice. Plaintiff claims that the manufacturer's sale price, as shown on the visa, export license or quota document (the visaed invoice), and not the middleman's sale price is the proper basis for the appraisal.

After issue was joined, plaintiff filed its motion for severance, test case designation and suspension. Plaintiff maintains that, given the number of protests (86) and entries (325) involved in this case, severance "will provide the Court and the parties with a representative cross section of

factual circumstances in a more manageable form." Plaintiff alleges that the "core legal issue" is "whether or not the middleman sale or the value of an antecedent sale for exportation to the United States represents the proper dutiable value." Plaintiff further alleges that this issue is common to the proposed test case and to all the actions in which suspension is sought. Lastly, plaintiff asserts that severance, test case designation and suspension will "facilitate the orderly disposition and resolution" of the issue.

DISCUSSION

The authority for the test case/suspension procedure is found in US-CIT R. 84. Pursuant to Rule 84(b), an action may become a test case "by order of the court upon a motion for test case designation made after issue is joined." The criteria for suspension are set forth in Rule 84(c), which provides:

> An action may be suspended under a test case if the action involves an issue of fact or a question of law which is to be the same as an issue of fact or question of law involved in the test case.

Additionally, the party moving for suspension must provide the court with, *inter alia*, "a concise statement of the issue of fact or question of law alleged to be the same in both actions." USCIT R. 84(d).

Suspension of an action requires the existence of a test case. Although Rule 84 is silent on the definition of a test case, it may be understood to be an action selected out of a number of cases involving the same question. The selected action is intended to proceed first to final determination and to serve as a test of the right to recovery in the other actions. *Cf.* Black's Law Dictionary 1474 (6th ed. 1990); Webster's Third New International Dictionary 2362 (1981). Clearly, the concept of a test case presupposes a relationship to actions for which suspension is sought. Parenthetically, for this reason, Rule 84(b)(2), which permits an action "automatically" to become a test case without any relationship to suspensions, appears to serve no purpose.

For actions involving a common question of law or fact, the test case/suspension procedure is an available alternative to procedures permitting consolidation of actions under USCIT R. 42(a). Both consolidation and the test case/suspension procedures serve to achieve economies of time, effort and expense, and to promote uniformity of decisions. The two procedures, however, differ in several material respects. With consolidation, the various actions with the common question of law or fact are merged into a single consolidated action. Thus, the final decision in the consolidated action has binding legal effect on all of the merged actions. On the other hand, in the test case/suspension procedure, the test case and the suspended actions maintain their separate identities. The result is that the final decision in the test case is not necessarily legally binding on the suspended actions.

A motion for test case designation should provide the court with information showing that the moving party has other pending actions, the disposition of which will be facilitated if they are suspended pending the

decision in the test case. More specifically, the movant should demonstrate that the actions proposed for suspension involve:

> a significant and identified issue of fact or question of law in common with the test case;
>
> a threshold issue, (*i.e.*, a potentially dispositive issue) in common with the test case; or
>
> other circumstances in common with the test case showing that a decision in the test case will facilitate the disposition of the other actions.

Mere allegations of sameness or that the actions are related will not suffice. *See Air-Sea Forwarders, Inc. v. United States,* 69 Cust. Ct. 327, 329, C.R.D. 72–24 (1972) ("It is to be added that merely because a case involves the classification of articles under the same provisions of the tariff schedules as a test case does not mean that another case involving the same provisions is *ipso facto* suspensible thereunder.") *See also Teleflora Prods., Inc. v. United States,* 13 CIT 1095 (1989).

The purpose of the test case/suspension procedure is to "facilitate the disposition of actions, eliminating the necessity of trying the same issue over and over again, and dispensing with the filing of complaints and answers in actions which in all likelihood will never be tried." *H. H. Elder & Co. v. United States,* 69 Cust. Ct. 344, 345, C.R.D. 72–28 (1972). Therefore, the court should consider whether "suspension * * * [would] aid in the conclusive determination of a case sought to be suspended thereunder." *F.W. Woolworth Co. v. United States,* 71 Cust. Ct. 272, 274, C.R.D. 73–26 (1973); *see also Teleflora Prods., Inc., supra,* at 1097. "The purpose of suspension is not to create a reservoir of future litigation or to preserve actions for last-minute revivals. Its purpose is to encourage disposition in accordance with the test case." *Intercontinental Fibers, Inc. v. United States,* 2 CIT 133, 135 (1981).

As for severance, since the court's Rules are silent on the requirements for a motion to sever, the matter is one committed to the sound discretion of the court. Among the factors the court considered, in this case, in determining the appropriateness of severance are:

> the totality of the facts and circumstances of the case;
>
> whether factual and legal distinctions exist to justify the severance;
>
> the potential prejudice to the opposing party;
>
> whether severance will promote judicial economy through a savings of time and expense to the parties and the court; and
>
> whether severance will promote the interests of justice.

Even when, as here, the parties have agreed to the requested motion, the court has an independent responsibility to exercise its judicial discretion in considering a motion for severance, test case designation and suspension.

While plaintiff's motion procedurally complied with the requirements of the court's Rules and case law, the court found that it lacked

sufficient information to act upon the motion. Accordingly, the court asked the parties to provide the following information:

> Whether the merchandise is identical in the main action (88–04–00474), the proposed severed action, and the actions in which suspension is sought?

> Whether the issues of fact and questions of law presented in the proposed suspended actions are common to those in the proposed test case?

> Whether any of the proposed suspended actions present issues — jurisdictional or substantive — for judicial determination in addition to the common issue agreed upon by the parties, namely the basis for the appraisal of the imported merchandise?

> Why the actions in which suspension is sought should not be consolidated, pursuant to USCIT R. 42(a), with the main action or the proposed severed action?

Additionally, the court sought information on the question of severance, specifically:

> What issues exist in Court No. 88–07–00474 in addition to the question of whether "the middleman sale or the value of an antecedent sale for exportation to the United States represents the proper dutiable value?"

> How will the proposed severance specifically "facilitate the orderly disposition and resolution" of this issue?

In a joint response, the parties stated that the core legal issue of whether the middleman sale or the antecedent foreign manufacturer's sale constitutes the correct dutiable value is "an on-going issue, one which generates protests and summons[es] on a monthly basis." According to their records, 52 actions are pending before the court that involve this issue with over 7500 entries, various manufacturers from nine countries, at least 15 middlemen and hundreds of different styles of wearing apparel.

The parties further assert that the entries subject to the motion to sever pertain to imports from a single country, and thus will permit the court to focus on the core question of law. The parties maintain that the severed entries will give the court a cross–section of the three factual scenarios common to all of the entries, specifically, where the middleman provides no assists; where the middleman provides some assists; and where the middleman provides all assists. Moreover, these entries will provide a representative sample of the factual issue of the visa, export license or quota document (visaed invoice) required for each entry.

The parties claim that severance will reduce unnecessary or repetitive preparation, discovery and litigation. Failure to sever, in their view, would unduly burden the parties by forcing them to conduct discovery in as many as nine countries, rather than one country. They further contend that denial of plaintiff's motion will leave the court with a more

complex and less focused case that would require significantly more time to bring before the court for final disposition.

The court finds that severance is appropriate in these circumstances. The Government will not suffer any prejudice. Severance will provide the parties and the court with a manageable case having a simple fact pattern and a concise statement of the question of law, and will promote a speedy and effective method for the resolution of the issues.

Regarding test case designation and suspension, the parties state that all of the merchandise in the various actions is wearing apparel but of various kinds — men's, boys', women's and girls' — and encompasses hundreds of styles. They maintain that the essential questions of fact and law pervade the main action, the proposed test case and the actions in which suspension is sought. The parties acknowledge that other subsidiary issues may exist, but they are not now identifiable due to the large number of entries.

The parties submit that a decision in the test case will provide direction to the parties and the Customs Service regarding the resolution of the suspended actions. A decision in the test case, in their view, could lead to the disposition of the suspended actions by submissions on agreed statements of fact or voluntary dismissals under the direct supervision of the court. The parties emphasize that consolidation under USCIT R. 42(a) would not serve the administration of justice. They maintain that consolidation will complicate discovery, make trial preparation overly burdensome and strain the court's judicial resources with a trial of several months duration.

The supplemental response of the parties, in this action, provides the information that is helpful to the court in determining the appropriateness of using the test case/suspension procedure and will assist the court in discharging its responsibility to manage its docket "to provide for the efficient and expeditious termination" of cases. *Men's Wear Int'l, Inc. v. United States*, 13 CIT 817 (1989).

The court finds that the parties have demonstrated that this action is appropriate for test case designation. Moreover, the court concludes that the test case/suspension procedure is warranted in this case because it will provide an orderly mechanism for disposing of the numerous actions that share the common issue with the proposed test case.

The court is persuaded that the parties have demonstrated that the actions in which suspension is sought involve a significant issue of fact and question of law in common with the test case. Moreover, the on-going nature of the core legal issue and the large number of entries involved show that a decision in the test case will facilitate the ultimate resolution of the other actions. These same considerations demonstrate the impracticality of consolidation in these circumstances.

Accordingly, it is hereby

ORDERED that the entries listed on Schedule A attached to this Memorandum Opinion and Order are severed from Court No. 88–07–00474

and are designated as a new action, Court No. 88–07–00474–S, and it is further

ORDERED that Court No. 88–07–00474–S is designated a test case, and it is further

ORDERED that the actions listed on Schedule B attached to this Memorandum Opinion and Order are suspended under Court No. 88–07–00474–S, and it is further

ORDERED that the parties will submit a proposed scheduling order pursuant to USCIT R. 16, within 60 days from the date of this order, that limits the time for submission of the test case for final disposition.

## SCHEDULE A

| Court No. | Protest No. | Entry No. |
|---|---|---|
| 88–07–00474–S | 3001–8–000463 | 320–0216936–8 |
| | 3001–8–000463 | 320–0217024–2 |
| | 3001–8–000463 | 320–0217027–5 |
| | 3001–8–000510 | 320–0217078–8 |
| | 3001–8–000519 | 320–0447927–8 |
| | 3001–8–000720 | 320–0449080–4 |
| | 3001–8–000753 | 320–0449203–2 |
| | 3002–8–000069 | 320–0217089–5 |
| | 3001–8–000183 | 320–0214720–8 |
| | 3001–8–000502 | 320–0216139–9 |
| | 3001–8–000572 | 320–0217019–2 |
| | 3001–8–000714 | 320–0217710–6 |

## SCHEDULE B

| Calendar | Plaintiff | Court No. |
|---|---|---|
| Joined Issue | Bloomingstep, Inc. | 88–07–00471 |
| Joined Issue | Generra Sportswear, Inc. | 88–07–00474 |
| Joined Issue | New Issues, Inc. | 88–07–00475 |
| Complaint Filed | Generra Sportswear, Inc. | 88–09–00723 |
| Complaint Filed | Bloomingstep, Inc. | 88–11–00885 |
| Complaint Filed | Generra Sportswear, Inc. | 88–11–00886 |
| Complaint Filed | New Issues, Inc. | 88–11–00888 |
| Complaint Filed | New Issues, Inc. | 89–03–00163 |
| Complaint Filed | Bloomingstep, Inc. | 89–03–00164 |
| Complaint Filed | Generra Sportswear, Inc. | 89–03–00165 |
| Complaint Filed | Generra Sportswear, Inc. | 89–07–00390 |
| Sept. 1989 Reserve | Bloomingstep, Inc. | 89–09–00528 |
| Sept. 1989 Reserve | New Issues, Inc. | 89–09–00529 |
| Oct. 1989 Reserve | Generra Sportswear, Inc. | 89–10–00557 |
| Oct. 1989 Reserve | New Issues, Inc. | 89–10–00593 |
| Nov. 1989 Reserve | Bloomingstep, Inc. | 89–11–00631 |
| Nov. 1989 Reserve | Generra Sportswear, Inc. | 89–11–00632 |
| Jan 1990 Reserve | Generra Sportswear, Inc. | 90–01–00034 |
| Jan 1990 Reserve | Bloomingstep, Inc. | 90–01–00035 |
| May 1990 Reserve | Generra Sportswear, Inc. | 90–05–00236 |
| May 1990 Reserve | Bloomingstep, Inc. | 90–05–00237 |
| August 1990 Reserve | Bloomingstep, Inc. | 90–08–00444 |
| Oct. 1990 Reserve | Generra Sportswear, Inc. | 90–10–00510 |
| Dec. 1990 Reserve | Generra Sportswear, Inc. | 90–12–00621 |
| Dec. 1990 Reserve | Bloomingstep, Inc. | 90–12–00622 |
| Feb. 1991 Reserve | Bloomingstep, Inc. | 91–02–00120 |

| Calendar | Plaintiff | Court No. |
|---|---|---|
| Feb. 1991 Reserve | Generra Sportswear, Inc. | 91–02–00121 |
| Feb. 1991 Reserve | New Issues, Inc. | 91–02–00122 |
| May 1991 Reserve | New Issues, Inc. | 91–05–00392 |
| May 1991 Reserve | Generra Sportswear, Inc. | 91–05–00394 |
| May 1991 Reserve | Bloomingstep, Inc. | 91–05–00395 |
| Sept. 1991 Reserve | Generra Sportswear, Inc. | 91–09–00689 |
| Oct. 1991 Reserve | New Issues, Inc. | 91–10–00726 |
| Nov. 1991 Reserve | Generra Sportswear, Inc. | 91–11–00823 |
| Nov. 1991 Reserve | Bloomingstep, Inc. | 91–11–00824 |
| Nov. 1991 Reserve | New Issues, Inc. | 91–11–00839 |