SEMPERIT INDUSTRIAL PRODUCTS, INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 92–07–00443

(Dated August 14, 1992)

*Coudert Brothers (Robert L. Eisen* and *Michelle S. Bratsafolis),* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice, for defendant.

### MEMORANDUM OPINION AND ORDER

DiCARLO, *Chief Judge:* Plaintiff moves, pursuant to USCIT R. 84, to suspend this action under a test case, *Semperit Indus. Prods., Inc. v. United States,* Court No. 90–10–00566. At issue is whether plaintiff has satisfied the criteria for suspension. In view of the circumstances presented, the court denies plaintiff's motion to suspend without prejudice.

### BACKGROUND

Plaintiff challenges the classification of certain industrial conveyor belting of vulcanized rubber imported from Austria. The Customs Service classified the merchandise as conveyor belting of vulcanized rubber combined with textile materials in which man-made fibers predominate by weight under HTSUS Subheading 4010.91.15. Plaintiff claims the merchandise is classifiable as conveyor belting composed in chief weight of vulcanized rubber and containing a single, man-made textile material under HTSUS Subheading 4010.91.19.

Plaintiff alleges that "[b]oth the captioned civil action and *Semperit Industrial Products, Inc. v. United States,* * * * [Court No. 90–10–00566] involve the [same] legal issue," namely, the proper tariff classification of the imported industrial conveyor belting. Thus, plaintiff argues that "[b]ased on the existence of a common question of law in the test case and the captioned court action, the criteria for suspension set forth in Rule 84, are satisfied." Defendant has indicated its agreement to the suspension of this action by stamping "No Objection" on plaintiff's motion.

DISCUSSION

Suspension of an action under a test case is governed by USCIT R. 84. The criteria for suspension are set forth in Rule 84(c), which provides:

> An action may be suspended under a test case if the action involves an issue of fact or question of law which is to be the same as an issue of fact or question of law involved in the test case.

The party seeking suspension also is to provide the court with, *inter alia*, "a concise statement of the issue of fact or question of law alleged to be the same in both actions" and to comply with the provisions of Rule 7. USCIT R. 84(d). Rule 7(b) requires the moving party to consult with the opposing party "to attempt to reach agreement, in good faith, on the issues involved in the motion."

Even though the parties have agreed to the suspension of this action, the court has an "independent responsibility to exercise its judicial discretion" in considering plaintiff's motion. *Generra Sportswear, Inc. v. United States*, 16 CIT 313, 315, Slip Op. 92–62, at 6 (Apr. 28, 1992).

The court has two alternative methods — consolidation and the test case/suspension procedure — for disposing of actions, commenced under 28 U.S.C. § 1581 (a), involving a common issue of fact or question of law. In considering the alternatives, the court is to determine whether consolidation or the test case/suspension procedure will best "achieve economies of time, effort and expense" and "promote uniformity of decisions," *Generra*, 16 CIT at 314, Slip Op. at 4, and will "best avoid unnecessary costs or delays," *PEG Bandage, Inc. v. United States*, 16 CIT 319, 321, Slip Op. 92–63, at 4 (May 5, 1992).

Consolidation is the preferred method when the result is the conservation of time and expense for the court and the parties. Conversely, the test case/suspension procedure is preferable when consolidation will produce "an unwieldy and chaotic proceeding." *A. T. Clayton & Co. v. United States*, 16 CIT 456, 458, Slip Op. 92–88, at 5 (June 11, 1992). In determining which alternative is most appropriate under the circumstances, the court also will consider other factors, including the number of protests and entries involved, the number of ports of entry and the degree to which discovery, trial preparation and judicial resources will be strained by consolidation or the test case/suspension procedure. *Id. Compare Generra* and *A. T. Clayton* (actions, protests, entries and ports so numerous that consolidation would not best serve the administration of justice) *with PEG Bandage* (consolidation ordered because of limited number of actions, protests, entries and ports would not be unduly burdensome on court parties). *See also Totes, Inc. v. United States*, 16 CIT 706, Slip Op. 92–133 (Aug. 14, 1992) (because of continuous stream of imports, potential created for unwieldy and chaotic proceeding; test case/suspension procedure rather consolidation would result in judicial economy, and avoid unnecessary costs or delay); *Junior Gallery, Ltd. v. United States*, 16 CIT 687, Slip Op. 92–130 (Aug. 13, 1992)

(consolidation more efficient method of disposing of actions having a discreet factual issue in common; test case/suspension procedure would not aid in conclusive determination of those actions).

Unlike plaintiffs in *Generra, A.T. Clayton* and *Totes*, this plaintiff makes no showing that the test case/suspension procedure rather than consolidation is a more orderly mechanism for disposing of this action and the test case. Plaintiff has not demonstrated that suspension will best serve the administration of justice by conserving the resources of time, effort and expense on the part of the parties and the court. Plaintiff also has not shown that consolidation would complicate discovery, unduly burden the parties in preparing for trial or strain the court's resources. Thus, while plaintiff's motion procedurally complies with the requirements of Rule 84, the court lacks sufficient information to act upon the motion.

Assuming *arguendo* that suspension instead of consolidation is the appropriate mechanism for disposing of this action, the court must determine whether plaintiff's motion does, in fact, satisfy the criteria for suspension. *Totes*, 16 CIT at 708, Slip Op. at 6 (citations omitted). Plaintiff offers little to substantiate its motion to suspend other than an allegation that the test case and this action have a common question of law, namely the proper tariff classification of the imported industrial conveyor belting. Plaintiff also has not shown that a decision in the test case will facilitate the disposition of this action. *Generra*, 16 CIT at 314–15, Slip Op. at 4.

It is clear that "mere allegations of sameness" or a statement that the test case and the action to be suspended are related will not suffice. *Id.* at 315, Slip Op. at 5. Moreover, "merely because a case involves * * * the same provision * * * as a test case does not mean that another case involving the same provisions is *ipso facto* suspensible thereunder." *Air-Sea Forwarders, Inc. v. United States*, 69 Cust. Ct. 327, 329, C.R.D. 72–24 (1972). Additionally, a motion that simply recites the requirements of Rule 84(c) and (d) does not automatically entitle plaintiff to suspension of its action under a test case.

The court expects that experienced practitioners, such as those representing plaintiff, are familiar with the requirements of Rule 84 and the applicable case law. However, it is evident that plaintiff's counsel have done nothing more than simply file a *pro forma* motion to suspend. While the court has an independent responsibility to determine if plaintiff is entitled to suspension, responsibility for researching the facts and the presentation of legal argument in support of the motion under Rule 84 lies with plaintiff. A plaintiff who files a bare-bones motion shirks that responsibility and imposes an inappropriate burden on the court. For the court to exercise its independent responsibility, plaintiff must make an adequate demonstration that suspension is warranted. Since the court is presented with a motion that does not comply with the requirements of Rule 84, it is forced to speculate as to plaintiff's rationale for the motion. *Cf. Totes*. For the court to rely solely upon the conclusory

allegations of plaintiff and not insist on the requisite showings, it would abdicate the exercise of its judicial discretion in deciding the merits of the motion to suspend.

In parroting Rule 84, plaintiff's counsel assert that the motion to suspend is being made pursuant to Rule 7. Rule 7 provides that "[b]efore a motion * * * is made, the moving party shall consult with [the] opposing * * * [party] to attempt to reach agreement, in good faith, on the issues involved in the motion." USCIT R. 7(b). Under that rule, the movant has an obligation to state in its motion whether the parties have consulted, and whether they have or have not reached agreement on the issues. When consultation occurs, the court expects the moving party to state whether the opposing party agrees with the positions taken by the movant. The court will accept the moving party's representations as true unless the opposing party files a response. If the parties consult and fail to reach agreement, then it would be helpful for the court to receive the fully developed views of the opposing party. In either event, the court should have the benefit of the results of the consultation between the parties.

Here, there is no indication that plaintiff consulted with defendant and whether the parties did or did not reach agreement on the motion to suspend. All the court has is an indication that defendant does not object to the suspension of this action. Because plaintiff's motion lacks the requisite showings, the court cannot determine the appropriateness of suspending this action under the *Semperit* test case, Court No. 90–10–00566. Accordingly, plaintiff's motion to suspend is denied without prejudice. Plaintiff may renew its motion within 30 days of the date of entry of this order.